FILED
5/12/2016 12:56:26 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1077675

| | | |
|---|---|---|
| **JOSE MARTIN AMAYA** § | | IN THE COUNTY COURT |
| Plaintiff. § | | |
| § | | |
| V. § | | AT LAW NUMBER 1 |
| § | | |
| **BRIAN LUDLOW** § | | |
| and **TLP TRUCKING, LLC** § | | |
| Defendant. § | | HARRIS COUNTY, TX |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, JOSE MARTIN AMAYA, INDIVIDUALLY hereinafter referred to as Plaintiff, still complaining of BRIAN LUDLOW, INDIVIDUALLY and TLP TRUCKING, LLC, INDIVIDUALLY hereinafter referred to as Defendant, and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under a Level One (1) Discovery Control Plan, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES AND SERVICE

Plaintiff, Jose Martin Amaya (hereinafter, "Plaintiff"), is an individual residing at 12106 Moonglow, Houston, Texas 77038.

Upon information and belief, Defendant, Brian Ludlow (hereinafter, "Defendant") is an individual residing at 7037 S. 2610 W. Spanish Fork, Utah 84660.

Upon information and belief, Defendant, TLP Trucking, LLC (hereinafter, "Defendant"), is a Utah sole proprietorship and may be served at its principle place of business at 4910 West Amelia Earhart Drive, Suite 1, Salt Lake City, UT 84116 by and through its manager and representative, Joe Ostmeier.

## III.
## JURISDICTION AND VENUE

The subject matter and amount in controversy are within the jurisdictional limits of this Court, and this Court has personal jurisdiction herein because Defendant is a Texas resident.

Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and a demand for judgment for all the other relief to which the party deems himself entitled.

Venue in this Court is proper because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1).

## IV.
## FACTS

On or about May 12, 2014, at or around noon on a Monday afternoon, Plaintiff was the properly restrained driver of a black 2003 Nissan Pathfinder in Houston, Texas. Plaintiff was traveling eastbound on West Mount Houston Road, approaching the intersection with North Freeway Service Road. At the intersection, Plaintiff turned left from the middle lane, which allows to go straight or turn left.

Defendant, driving a white 2002 Peterbilt, was traveling in the lane directly to the left of Plaintiff, which is a turn only lane. Upon reaching the intersection with North Freeway Service

Road, Defendant made an improper wide left turn and violently slammed into the driver's side of Plaintiff's vehicle.

## V.
## NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT, TLP TRUCKING, LLC

(a) On or about May 12, 2014, Defendant was the owner of the vehicle operated by Brian Ludlow.

(b) Defendant entrusted the vehicle to Brian Ludlow, a reckless and incompetent driver.

(c) As described herein, Brian Ludlow was negligent on the occasion in question.

(d) Brian Ludlow negligence was the proximate cause of Plaintiff's damages.

## VI.
## NEGLIGENCE AGAINST DEFENDANT, BRIAN LUDLOW

Defendant's conduct was negligent, in one or more of the following ways:

(a) He failed to control his speed;

(b) He failed to maintain assured clear stopping distance;

(c) He failed to timely apply his brakes to avoid the collision;

(d) He failed to apply brakes;

(e) He failed to do a proper lookout;

(f) He failed to maintain a single lane of traffic;

(g) He failed to yield the right of way;

(h) He failed to make a proper turn;

(i) He failed to take evasive action in order to avoid the accident; and,

(j) He otherwise failed to operate his motor vehicle as a reasonable driver of ordinary prudence would have done in the same of similar circumstances.

The negligence of Defendant proximately caused the occurrence made the basis of this lawsuit, and Plaintiff's injuries and damages alleged herein.

In addition, the above-mentioned actions and/or omissions constituted negligence *per se*, in that they violated one or more traffic laws of the State of Texas. In this regard, Plaintiff would show as follows:

(a) Defendant, without excuse, violated said statutes;

(b) Said violations were the proximate cause of the occurrence; and,

(c) Plaintiff was among the class of persons for whose benefit and protection said statutes were enacted.

## VII.
## DAMAGES

Upon a trial of this case, the evidence will show that Plaintiff suffered injuries and damages as a result of the negligence of the Defendant as already alleged. There are certain elements of damages provided by law that Plaintiff is entitled to have the Jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred, and to be incurred. Those elements are as follows:

(a) Property damage to Plaintiff's vehicle;

(b) Past reasonable and necessary medical expenses;

(c) Pain and suffering;

(d) Loss of companionship and society that, in reasonable probability, will be sustained in the future;

(e) Past physical impairment;

(f) Past mental anguish sustained in the past; and,

(g)   Mental anguish that, in reasonable probability, will be sustained in the future.

(h)   Past loss of wages.

## VIII.
## JURY DEMAND

Plaintiff respectfully demands the right to have a trial by jury, and hereby tenders the appropriate jury fee to the County Clerk of Harris County, Texas.

## IX.
## DISCOVERY REQUESTS

### A. REQUEST FOR DISCLOSURE

Defendant is hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### B. INTERROGATORIES

Defendant is hereby requested to answer, within fifty (50) days of service of this petition and incorporated request, the interrogatories attached hereto as "Exhibit B," separately, fully, in writing, and under oath, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### C. REQUEST FOR ADMISSIONS

Defendant is hereby requested to produce, within fifty (50) days of service of this petition and incorporated request, the interrogatories attached hereto as "Exhibit C," separately, fully, in writing, and under oath, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### D. REQUEST FOR PRODUCTION

Defendant is hereby requested to produce, within fifty (50) days of service of this petition and incorporated request, the documents and tangible items in the list attached hereto as "Exhibit D," pursuant to Rule 196 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against the Defendant jointly and severally, for the damages described herein, pre-judgment interest on the appropriate elements of damages at the legal rate for the time periods permitted by law; post-judgment interest at the legal rate on the appropriate elements of damages for the time period permitted by law; costs of court as well as other relief, general or special, at law or in equity, to which the Plaintiff may show himself to be justly entitled.

Respectfully Submitted,

By: *Paul T. Bowers*
PAUL T. BOWERS
Texas Bar No. 24078247
9894 Bissonnet Street, Suite 110
Houston, Texas 77036
Tel. (713) 255-1166
Fax (713) 255-1169
Attorney for Plaintiff

## "EXHIBIT A"

### REQUEST FOR RULE 194 DISCLOSURE

Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

1. The correct names of the parties to the lawsuit:

2. The name, address, and telephone number of any potential parties:

3. The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial):

4. The name, addresses, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case:

5. For any testifying expert:

    a. the expert's name, address, and telephone number:

    b. the subject matter on which the expert will testify:

    c. the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information:

    d. if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

        i. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        ii. the expert's current resume and bibliography

6. Any indemnity and insuring agreements described in Rule 192.3(f):

7. Any settlement agreements described in Rule 192.3(g):

8. Any witness statements described in Rule 192.3(h):

9. The name, address, and telephone number of any person who may be designated as a responsible third party.

10. You are hereby requested to disclose all documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support your claims or defenses.



## "EXHIBIT B"

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please identify yourself, to include all of the following identification information: (a) Full legal name and any other names you have used; (b) Current driver's license number, including type, state of issuance, and restrictions, if any; (c) Address(es) for the past five (5) years, giving the street number, city, state, zip code, and foreign country, if applicable; (d) Date and place of birth; and, (e) Social Security Number (necessary due to the medical authorization being requested in Plaintiff's First Request for Production).

2. Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the answers to these Interrogatories.

3. State the name and address of the owner and all occupants of the vehicle which you were operating at the time of the collision. If the owner is not yourself, please state how the vehicle came to be in your possession in the occurrence made the basis of this lawsuit.

4. Please state completely and fully how the occurrence made the basis of this lawsuit occurred, to include a description of the area in which the accident occurred, the weather conditions, visibility level, and obstructions or similar factors, the speed of your vehicle immediately prior to and at the time of the accident, the estimated speed of any other vehicle involved in the collision, where you were coming from and where you were traveling to at the time of the incident, and everything you did to avoid the incident.

5. If you are claiming that Plaintiff was in any way contributory or comparatively negligent with regard to the incident made the basis of this lawsuit, please state in what way(s) the Plaintiff was negligent.

6. If you consumed any alcoholic beverage or any type of drug (whether prescription, non-prescription, over the counter, recreational, or illegal) in the twelve (12) hour period immediately preceding the accident, please state what was consumed, the time it was consumed, the quantity you consumed, the place where you consumed it, and identify by name, address, and telephone number any other person(s) present when you consumed it.

7. Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representative following the collision, including but not limited to any statements made by Plaintiff that you believe constitute an admission or declaration against interest.

8. State whether you have entered into any type of indemnity agreement, settlement, or understanding with any person or entity relevant to Plaintiff's claims and/or injuries made the basis of this lawsuit.

9. If you have been involved in any way in any other automobile accidents, either prior to or subsequent to the one made the basis of this suit, please state when and where such accident took place, the general nature of such accident, and, if any claim or lawsuit arose from such accident, the identifying information for such claim or lawsuit, and the disposition of such claim or lawsuit.

10. If you have ever been arrested, charged with, or convicted of any crime (including as a result of the occurrence made the basis of this lawsuit), please state what you have been arrested for, charged with, or convicted of, and state the date, place, and ultimate disposition of the offenses.

11. For the last five (5) years, list your traffic violation record, including but not limited to any citation, ticket, or warning received in connection with the accident made the basis of this lawsuit. With respect to any such citation or ticket received in connection with the accident made the basis of this lawsuit, please state the disposition, your exact plea, any amount(s) you paid in fees or fines, and any other penalties assessed against you or corrective actions undertaken by you (i.e., jail time, community service, restitution, defensive driving course, etc.).

12. Please identify all prescription medications you were taking as of the date of the incident made the basis of this lawsuit, to include the dosage, the health care provider that prescribed the medication, the condition for which the medication was prescribed, and the side effects, if any, you experienced while taking it.

13. If the medications you were taking on the date of this incident were not prescription medications (i.e., illegal, recreational, or prescription pharmaceutical received from some other source than a licensed doctor or pharmacy), then please identify the type of medication or drug taken, the person or entity from whom you received or obtained it, and the contact information (address and telephone) of such person or entity.

14. Please state whether your driver's license has ever been suspended or revoked; if the answer is "yes," please state from what date it was suspended or revoked, upon what date it became reinstated (if applicable), under what circumstances it became suspended or revoked, and the entity or agency which declared it to be suspended or revoked.

15. Please identify by name, address, and telephone, all medical providers (to include primary care doctors, specialty clinics, pain management, chiropractors, acupuncturists,

hospitals, and all pharmacies from which you received medications) with whom you have treated in the past five (5) year period preceding this incident, up to the present, and briefly state the health conditions or symptoms for which you have seen each.



# "EXHIBIT C"

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1. You were driving a vehicle on West Mount Houston, approaching the intersection with North Freeway Service Road, on May 12, 2014.

2. You collided with a vehicle next to you as you were turning left.

3. Said vehicle was at a stop before you collided with it.

4. Said vehicle was not reversing before you collided with it.

5. You were traveling too fast for the traffic conditions ahead.

6. You did not operate your motor vehicle as a reasonable driver of ordinary prudence would have done in the same of similar circumstances.

7. You are not claiming any negligence or responsibility on the part of the Plaintiff with regards to the collision.

8. Your negligence proximately caused the collision.

9. You were under the influence of some type of drug at the time of this collision.

10. You have pled guilty to charges stemming from this accident.

11. You have been convicted of charges stemming from this accident.

12. Your driver's license has been suspended on at least one occasion prior to this accident.

13. You have been convicted of more than one traffic violation prior to this accident.

14. You were involved in a previous motor vehicle collision prior to this accident.

15. You have been arrested at least prior to this accident for driving while intoxicated.

## "EXHIBIT D"

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

1. Produce <u>color</u> copies of all photographs, slides, videotapes, audiotapes, charts or drawing that relate in any way to the subject matter of this lawsuit, including but not limited to photographs of the scene of the collision, vehicles involved in the collision, or persons involved in the collision. (Note: for any items requested to be produced in color, digital files may be sent to the e-mail address of the counsel for Plaintiff, which is info@paulbowerslaw.com, in order to save color copy costs.)

2. Produce a copy of your driver's license, front and back.

3. Produce any and all expert reports that have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff's attorney.

4. Produce any and all insurance agreements or policies pertaining to the vehicle involved in the collision made the basis of this lawsuit that were in place at the time of the collision.

5. Produce copies of any witness statements, written or electronically transcribed, that are relevant to the collision in question that are not privileged by law.

6. Produce any and all books, documents, photographs, learned treatises, or other tangible things which may be used at the trial of this matter.

7. Produce any and all public documents relating to this incident in your possession, including but not limited to: police reports, witness reports, weather reports, criminal inquiries, and vehicle titles.

8. Produce any and all documents reflecting repairs of appraisals of any of the vehicles involved in the incident made the basis of this lawsuit including but not limited to, settlement agreements, releases, "Mary Carter" agreements, etc..

9. Produce any and all documents reflecting or relating to your answer to Interrogatory No. 10 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, arrest records, "mug shots," Court summons records, disposition documents, etc.).

Amaya v Ludlow
Plaintiff's Original Petition – Exhibit D – Plaintiff's First Request for Production
Page | 13

10. Produce any and all forms, reports, or other documents you filled out in connection with this accident, whether such form or report was prepared by you or provided to you by, or for the benefit of, the investigating officer, any insurance company, your employer, the owner of the vehicle, any investigative agency or company, or any other third party, <u>excluding</u> privileged documents prepared specifically by or for your attorney for purposes of this lawsuit.

11. Produce copies of any depositions you intend to use in order to impeach any of Plaintiff's experts.

12. If your answer to Plaintiff's request for Admission No. 8 is anything other than an unqualified "Admit," then produce all documents or tangible items in support of contributory negligence on the part of the Plaintiff in this collision.

13. If your answer to Plaintiff's request for Admission No. 10 is anything other than an unqualified "Admit," then produce all documents or tangible items in support of contributory negligence on the part of Plaintiff in this collision.

14. Produce any and all other documents or tangible items, not already produced above, which you plan to submit to the jury or other trier or fact in this case, and/or which you contend to be relevant to any issues of liability, causation, or damages in this case.

15. Sign and produce the attached Authorization for Release of Medical Information covering the date range of five (5) years preceding this incident, to the present.

# AUTHORIZATION FOR EMPLOYMENT RECORDS INFORMATION

TO:

RE:   BRIAN LUDLOW

    This is to authorize and direct any corporation, partnership, or individual who has employed the undersigned to furnish the law firm of THE BOWERS LAW GROUP, PLLC or any of its representatives, any and all information or opinions which they may request regarding my employment, and to allow them to see or copy any records, including but not limited to my payroll records, pre-employment physical reports, employment application, attendance or absenteeism records, group insurance records, medical insurance records, disability insurance records, employee performance evaluation records, termination slips, and any other reports, documents, or memoranda concerning my employment upon presentation of this authorization. I hereby waive any privilege I have to said information.

    A copy of this instrument will have the same validity as the original.

_____
BRIAN LUDLOW

THE STATE OF TEXAS   §

COUNTY OF _____   §

    SUBSCRIBED AND SWORN TO BEFORE ME on this the _____ day of _____, 2014, to certify which, witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:

_____

# AUTHORIZATION FOR DRIVING RECORD INFORMATION

TO: TEXAS DEPARTMENT OF PUBLIC SAFETY

RE: BRIAN LUDLOW

This is to authorize the Texas Department of Public Safety, or any other state agency maintaining driving records pertaining to me, to furnish the law firm of THE BOWERS LAW GROUP, PLLC, or any of its representatives, any and all information which they may request which you may have regarding my driving record. I hereby waive any privilege I have to said information.

A copy of this instrument will have the same validity as the original.

_____
BRIAN LUDLOW

THE STATE OF TEXAS §

COUNTY OF _____ §

SUBSCRIBED AND SWORN TO BEFORE ME on this the _____ day of _____, 2014, to certify which, witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:

_____

Amaya v Ludlow
Plaintiff's Original Petition – Auth. For Driving Record Information

Page | 16

# **PROTECTED HEALTH INFORMATION AND RECORDS**

TO:

RE:     BRIAN LUDLOW

DOB:_____ SSN: _____

     Pursuant to the provisions of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and specifically pursuant to 45 CFR '164.508, I hereby authorize and direct, if requested by the bearer, any physician, osteopath, chiropractor, hospital, clinic, emergency medical provider, past or present employer, to furnish to PAUL BOWERS of the law firm of THE BOWERS LAW GROUP, PLLC, or their agents, for his/her/their copying or reproducing all records in your possession or under your control pertaining to the above individual. **I authorize and agree to release of all records including, but not limited to, material that contains information in reference to drug and/or alcohol abuse, psychiatric or psychological testing or care, sexually transmitted disease, Hepatitis B or C testing and HIV/AIDS testing.**

     You are further authorized and directed, if requested by the bearer, to provide all original diagnostic films, photographs, radiographic materials, any and all tissue samples, slides, paraffin blocks, or other pathological materials pertaining to the above individual.

     **The release of information is directed and authorized for purposes of investigation and discovery in civil litigation** in which the past, present and future physical and mental condition of the above individual is relevant. I understand that my healthcare will not be affected if I refuse to sign this authorization.

     **You are specifically and expressly released from any liability which would otherwise arise from the release of this information**; and I waive, on behalf of myself and any persons who may have an interest in the matter, all provisions of law relating to the disclosure of confidential information. **I understand that the information disclosed by this authorization may be subject to redisclosure by the recipient and will no longer be protected by HIPAA.**

     This authorization is intended to allow the release of existing records only and is not intended as a release to authorize or allow the verbal discussion of any injuries or treatment by any health care provider, with the bearer of this authorization.

This authorization shall not expire after 90 days pursuant to Section 241.152 of the Texas Health & Safety Code but shall continue in full force and effect until the conclusion of the lawsuit of which this authorization is a part.

This authorization is valid during the entire pendency of the litigation under which records are requested unless I specifically revoke, in writing, their authorized release. I hereby acknowledge that I have been notified that I have the right to revoke this authorization by submitting a notice in writing to the facility listed above.

You are specifically and expressly authorized to accept a copy of this authorization as though it was an original.

_____
BRIAN LUDLOW

_____
DATE

THE STATE OF TEXAS    §

COUNTY OF _____  §

SUBSCRIBED AND SWORN TO BEFORE ME on this the _____ day of _____, 2014, to certify which, witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:

_____

## AUTHORIZATION FOR RELEASE OF WIRELESS

## COMMUNICATION DEVICE RECORDS

TO/PROVIDER: _____

ACCOUNT/PHONE #: _____

ACCOUNT HOLDER(s): _____

I hereby authorize and direct any corporation, partnership, or individual who has issued, sold, rented or leased any form of cellular, pager or other wireless communication device(s) and/or services to the above-referenced individual to furnish to the law firm of THE BOWERS LAW GROUP, PLLC, or any of its representatives, any and all information or opinions which they may request regarding the detailed billing information of my account, call logs, billing information, calls placed or received, or any other information pertaining to the undersigned within your possession on _____ (the date of the occurrence in question) and for 24 hours immediately preceding and 24 hours immediately following the occurrence in question.

This authorization includes, but is not limited to, cellular telephones, BlackBerries®, iPhone®, iPad®, and/or other portable electronic devices reelecting all conversations, text messages, e-mails, data download or transmission sent and/or received by me during the above-referenced timeframe.

A copy of this authorization bearing my signature shall be as valid as the original.

Authorized by (Last, First, Middle Initial) _____

Social Security Number : _____

Date of Birth: _____

Home Address_____

City, State County, Zip_____

Authorized Signature: _____

**AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION**
This form is compliant with the Health Insurance Portability & Accountability Act (HIPAA)

I hereby authorize _____ to disclose my individually identifiable health information as described below, which may include information concerning communicable diseases such as H.I.V. and A.I.D.S., mental illness, chemical or alcohol dependency, laboratory test results, medical history, treatment, or any related information. I understand that this authorization is voluntary and I may refuse to sign this authorization. I further understand that my health care and the payment of my health care will not be affected if I do not sign this form.

I understand that if the recipient authorized to receive the information is not a covered entity, e.g., an insurance company or health care provider, the released information may no longer be protected by federal and state privacy regulations.

Patient Name: _____   Date of Birth: _____

Soc. Sec. No.: _____   Service Dates(s): _____

Description of information to be released (check all that apply):

x Face Sheet                x Radiology Reports            x Radiology Films (imaging department)
x Discharge Summary         x Laboratory Reports           x History & Physical
x Pathology Reports         x Emergency Room Records       x Other: any doctor's handwritten notes,
x Consultation Reports      x Diagnostic Reports                  charts, nurses' notes, reports, and
x Operative Reports            (e,g., EKG, EEG, Sleep Study, etc.)   medication logs.

The purpose of the disclosure is:

**For use in the lawsuit styled as Cause No. _____; Jose Martin Amaya v Brian Ludlow; In the County Court at Law No. ____, Harris County, Texas**

The information described herein will be sent to the following address:

**The Bowers Law Group, PLLC**
**9894 Bissonnet Street, Suite 110**
**Houston, TX 77036**

I understand that this authorization will expire 180 days from the date of this authorization unless I otherwise specify. I desire this authorization to be in effect until **the conclusion of the above-styled lawsuit.**

I further understand that I revoke this authorization at any time by notifying the above-referenced health care provider in writing. I also understand that the written revocation must be signed with a date that is later than the date on this authorization. The revocation will not affect any actions taken before the receipt of the written revocation. Any facsimile or photocopy of this document shall have the same force and effect as the original.

_____          _____
Signature of Patient (or Patient's Representative)     Date


_____          _____
Printed Name of Patient's Representative (if applicable)   Date